JsREMY CHIASSON, Judge Pro Tern.
Evelyn and Richard Ruckstuhl, residents of East Baton Rouge Parish, Louisiana, filed suit against several defendants, alleging Mrs. Ruckstuhl was diagnosed with malignant mesothelioma, a form of lung cancer, in March 1996, as a result of asbestos exposure from two sources: (1) from work clothes worn by Mr. Ruckstuhl while he was employed at the Baton Rouge Exxon refinery; and (2) from Kent cigarettes smoked by her from 1952-1956, which contained crocidolite asbestos in their “Micronite” filters. The petition alleges that defendant, Hollings-worth & Vose Company (H & V), and/or a wholly owned subsidiary, manufactured a component part of Kent cigarettes, specifically the asbestos-containing filter material used by Lorillard Tobacco Company (Loril- *240 lard) to make filters for Kent cigarettes from approximately 1952-1956.
H & V, a Massachusetts corporation, filed an exception of lack of personal jurisdiction, asserting that the exercise of in personam, jurisdiction over it violated due process. In connection with its exception of lack of personal jurisdiction, H & V filed an affidavit executed by Paul Walker, Director of Regulatory Affairs at H & V. According to the affidavit, from early 1952 until May 1956, “filter media” was manufactured in Massachusetts by a wholly owned-subsidiary of H & V (which merged with H & V in 1957) and shipped to Lorillard’s manufacturing plants in New Jersey and Kentucky to be used in the Kent Micronite filter. The affidavit also states that H & V never sold, delivered or advertised its “filter media” in Louisiana, did not design the “filter media” for any Louisiana market, does not and never has maintained an office in Louisiana, does not have any Louisiana employees, does not maintain a bank account in Louisiana, and is not registered or licensed to do business in Louisiana.
In opposition to relator’s exception, plaintiffs filed a memorandum contending they had not had a sufficient opportunity to fully investigate contacts H & V might have with Louisiana. Additionally, plaintiffs argued that H & V clearly “delivered its product into the stream of commerce with the expectation that its filters would be purchased along with the Kent cigarettes in Louisiana” since approximately 13 billion Kent cigarettes were sold during this period containing “the Mi-cronite filters with the asbestos manufactured by H & V.” Plaintiffs further point out that the Kent Micronite filter was extensively advertised nationally, both in print and on television.
^Following argument of counsel, the trial court dismissed relator’s exception. Relator filed the instant writ application and plaintiffs filed an opposition.
LEGAL PRINCIPLES
In reviewing a ruling on an exception of lack of personal jurisdiction over a nonresident by a Louisiana court, an appellate court must conduct a “de novo” review of the legal issue of personal jurisdiction. Hunter v. Meyers, 96-1075 (La.App. 1st Cir. 3/27/97), 691 So.2d 318, 320.
Since the 1987 amendment to LSA-R.S. 13:3201, which added subsection (B), extending Louisiana’s long-arm jurisdiction to the limits allowed by due process, the sole inquiry into personal jurisdiction over a nonresident involves an analysis of the constitutional due process requirements. Superior Supply Company v. Associated Pipe and Supply Company, 515 So.2d 790, 791-792 (La.1987).
Due process requires, in order to subject a nonresident defendant to a personal judgment, that: (1) the defendant must have certain minimum contacts with the forum state,[2] and (2) the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945); de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 105 (La.1991). Under this two-part test, the burden of showing minimum contacts lies with the party claiming jurisdiction is proper. Once this burden is met, a presumption of reasonableness of jurisdiction arises. The burden then shifts to the opposing party to prove that the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant’s minimum contacts with the forum, de Reyes, 586 So.2d at 107.
*241 In cases involving personal jurisdiction over the manufacturer of a defective product the jurisprudence is split between the “stream of commerce” theory enunciated in World-Wide Volkswagen Corporation v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), and the “stream of commerce plus” theory enunciated in Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).
In World-Wide, the United States Supreme Court concluded that a forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that it will be purchased by consumers in the forum state. 444 U.S. at 297-98, 100 S.Ct. at 567. Hence the “stream of commerce” theory was bom. The Court held that an Oklahoma court did not have personal jurisdiction over nonresident corporations whose only connection with Oklahoma was the sale of a car in New York that was involved later in an accident in Oklahoma. The Supreme Court rejected the plaintiffs’ argument that jurisdiction was proper because of the mobile nature of the automobile and the foreseeability that some cars sold by corporations in New York might find their way to Oklahoma. 444 U.S. at 295,100 S.Ct. at 566. However, the Court went on to point out a critical distinction between a retailer and a manufacturer of a product concluding that when the sale of a product is by a manufacturer or distributor, and is not simply an isolated occurrence, and the sale “arises from the efforts of the manufacturer or distributor to serve directly or indirectly, the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others.” 444 U.S. at 297, 100 S.Ct. at 567.
In Asahi, a plurality of the Supreme Court attempted to narrow the World-Wide Volkswagen criteria for personal jurisdiction under the stream of commerce theory by requiring more than the mere placing of a product into the stream of commerce which would fore-seeably enter the forum state.
In Asahy the plaintiff was injured in a motorcycle accident which occurred in California. He sued the Taiwanese manufacturer of the motorcycle tire tube and the Japanese manufacturer of the tube’s valve assembly. After the plaintiff settled his claims, the only remaining claim was the indemnity claim between the foreign manufacturers. The Supreme Court held California courts could not exercise personal jurisdiction over the Japanese manufacturer of the valve assembly. Assuming arguendo that the manufacturer of the valve |6assemblies knew some of them would be incorporated into tire tubes sold in California, the plurality opinion authored by Justice O’Connor reasoned that the defendant’s conduct, nevertheless, must be more purposefully directed at the forum state than merely placing the product into the stream of commerce. The plurality opinion states:
The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant’s awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State. (Emphasis added.)[3]
480 U.S. at 112, 107 S.Ct. at 1032.
Although the Fifth Circuit Court of Appeals has expressly rejected the Asahi plu *242 rality’s “stream of commerce plus” theory in favor of its interpretation of “the stream of commerce” test enunciated in World-Wide,[4] we believe the Asahi approach more accurately reflects the due process protections afforded under the United States Constitution and more closely comports with the purposes of due process.
In the instant case the defendant H & V is the manufacturer of a component part of the filter which was used in the making of a Kent cigarette. The analogy between H & V and Japanese manufacturer of the valve assembly in Asahi is clear. H & V’s subsidiary manufactured “filter media” in Massachusetts from early 1952 until May 1956, and shipped it to Lorillard’s manufacturing plants in New Jersey and Kentucky. Kent used the filter media to manufacture the Micronite filter, which it put in its cigarettes. H & V never sold, delivered, or advertised its “filter media” in Louisiana, did not design the “filter media” for any Louisiana market, does not and never has maintained an office in Louisiana, does not have any Louisiana employees, does not maintain a bank account in Louisiana, and is not registered or licensed to do business in Louisiana.
|7Plaintiffs argued that H & V “delivered its product into the stream of commerce with the expectation that its filters would be purchased along with the Kent cigarettes in Louisiana.” Plaintiffs further contend that approximately 13 billion Kent cigarettes containing the Micronite filters were sold in Louisiana during this period and that the Kent Micronite filter was extensively advertised nationally, both in print and on television.
Minimum contacts are established when the non-resident defendant “purposefully avails itself of the privilege of conducting activities within the forum state.” Burger King Corporation v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985), quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-1240, 2 L.Ed.2d 1283 (1958). Purposeful availment may occur when a corporation delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state. World-Wide, 444 U.S. at 298, 100 S.Ct. at 567. However, it is important to remember that “the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant’s conduct and connection with the forum State are such that hé should reasonably anticipate being haled into court there.” (Emphasis ours.) World-Wide, 444 U.S. at 297, 100 S.Ct. at 567. Consequently, a defendant’s awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state. Asahi, 480 U.S. at 112, 107 S.Ct. at 1032.
Applying the aforestated principles to the facts of the present case, we conclude that the plaintiff failed to prove that H & V established sufficient minimum contacts with Louisiana. The only conduct of H & V directed toward Louisiana was the placement of the filter media into the stream of commerce. The evidence does not indicate an intent or purpose by H & V to specifically serve the Louisiana market.[5]
*243 |8For the reasons set forth, the -writ is granted. The trial court ruling denying the exception of lack of personal jurisdiction is reversed, and judgment is rendered in relator’s favor, granting the exception and dismissing relator as a defendant. We assess costs to the plaintiffs.
REVERSED.

. The "minimum contacts” prong of the test can be broken down into two types of personal jurisdiction, specific and general. A state exercises "specific jurisdiction” over a non-resident defendant when the lawsuit arises from or relates to the defendant’s contact with the forum state. A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted. In contrast, when the act or transaction being sued upon is unrelated to the defendant’s contacts with the forum state, personal jurisdiction does not exist unless the defendant has sufficient "continuous and systematic contacts” with the forum state to support an exercise of "general jurisdiction.” Ruston Gas Turbines, Inc. v. Donaldson Company, Inc., 9 F.3d 415, 419 (5th Cir.1993).

. The concurring justices expressly did not subscribe to that portion of the opinion pertaining to the stream of commerce, but agreed with the determination that the exercise of jurisdiction did not comport with fairness and substantial justice because of the insufficient relationships *242 among the California forum, the Japanese corporate defendant, and the litigation of the indemnity issue. 480 U.S. at 116, 107 S.Ct. at 1034

. The Fifth Circuit maintains that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant’s product made its way into the forum state while still in the stream of commerce.” Ruston Gas Turbines, Inc. v. Donaldson Company, Inc., 9 F.3d 415, 419 (5th Cir.1993); See Bean Dredging Corp. v. Dredge Technology Corp., 744 F.2d 1081, 1085 (5th Cir.1984).

. In Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 946-47, (4th Cir.1994), cert. denied, 513 U.S. 1151, 115 S.Ct. 1103, 130 L.Ed.2d 1070 (1995), a factually identical case, the court found no personal jurisdiction existed over H & V, concluding that the mere sale, by H & V to Lorillard, of filter material "does not rise to the level of establishing jurisdiction because none of the conduct is in any way directed toward the State of Maryland." See also Hunt v. Schult Homes Corporation, 94-1592 (La.App. 3rd Cir. 5/3/95), 657 So.2d 124, wherein the court found that a Texas manufacturer of particle board, used in the fabrication of mobile homes in Texas, lacked sufficient contacts with Louisiana to justify personal jurisdiction over the component part manufacturer.